**UNITED STATES**

v.

**14 105 POUND BAGS, MORE OR LESS, MINERAL COMPOUND et al.**

No. 2927.

United States District Court, D. Idaho, S. D.

April 7, 1953.

John A. Carver, U. S. Dist. Atty., Sylvan A. Jeppesen, Asst. Dist. Atty., Boise, Idaho, Paul M. Steffy, Special Asst. to the Atty. Gen., for plaintiff.

Beckwith & Langley, Twin Falls, Idaho, for defendant.

CLARK, District Judge.

This cause having come on for hearing on the plaintiff's motion for summary judgment, the Court, after hearing oral argument and considering the pleadings, affidavits, and memoranda submitted by counsel for both parties, hereby makes the following findings of fact and conclusions of law:

Findings of Fact.

1. The article seized in this action consisted of a number of 105 lbs. bags of a mineral compound, the main ingredients of which are ammonium chloride, potassium chlorate, sodium sulfate, calcium carbonate, and tobacco powder.

2. The seized article was shipped in interstate commerce by the Hy-Life Mineral Company from Denver, Colorado, to Globe Seed & Feed Company, Inc., Twin Falls, Idaho, on or about October 4 and 11, 1951, and March 3, 1952.

3. When introduced into and while in interstate commerce the labeling of the article consisted of the following written, printed, and graphic matter:

"(tag) Hy-Life Mineral Co. Manufacturers of Chemical Products For Livestock Men 2145 Blake Street Denver, Colo."

"(bag) Mineral Compound 105 lbs. Net"

4. The article was intended for use in the treatment of bloat in sheep and cattle.

5. When introduced into and while in interstate commerce the labeling of the article did not state that the article was intended to treat "bloat", nor did it bear any directions for use in the treatment of that disease.

6. While held for sale by the Globe Seed & Feed Company, Inc., at Twin Falls, Idaho, after shipment in interstate commerce, the article was accompanied by labeling which read, in part, as follows:

"(carton) Blake's Mineral Compound

"A chemical preparation which, when mixed with salt as directed, is designed for feeding Sheep and Cattle while pasturing in green Alfalfa, Clover or in Corn and Wheat fields.

"Ingredients: (Active) Ammonium Chloride; Potassium Chlorate; Sodium Sulphate; Calcium Carbonate; Tobacco Powder.

"Red Oxide of Iron is added as a coloring agent * * * Oil of Anise added * * * Net contents—3½ lbs. Manufactured by Banner Mills Operated by Globe Seed & Feed Co., Inc., Twin Falls, Idaho * * *

"1. Mix entire contents of this package (3½ lbs.) with 100 lbs. of finely ground salt. * * * Remove All Other Salt From Your Livestock. Place this mixture in troughs conveniently accessible to livestock.

"Note: Feed above mixture to livestock for several days before turning them into green pastures and constantly thereafter."

These statements suggest and imply that the article is effective in the prevention and treatment of bloat in sheep and cattle.

7. The claimants in this action are the Hy-Life Mineral Company, J. P. Rosenbaum, owner of the Hy-Life Mineral

Company, and the Globe Seed & Feed Company, Inc., a corporation.

8. The Hy-Life Mineral Company and J. P. Rosenbaum, its owner, shipped the seized article in interstate commerce. The Globe Seed & Feed Company, Inc., obtained all right, title, and interest to the article through purchase from the Hy-Life Mineral Company and J. P. Rosenbaum.

9. In 1945 a seizure action was brought against a quantity of this same article under the name of "Blake's Stop-Bloat Chemicals" in the United States District Court for the District of Wyoming. It was alleged that the product was misbranded in that it was represented in its labeling as being effective when used as directed in preventing bloat in livestock. These representations were alleged to be false and misleading in that the article would not prevent bloat in livestock. While the claims of preventing bloat were stated in different language in the labeling involved in the 1945 seizure action, the impression made was substantially the same as that conveyed by the labeling involved in the present proceeding, namely, that the article would prevent bloat in livestock. The article involved in the seizure action in the United States District Court for the District of Wyoming consisted essentially of the same ingredients as the article herein seized, although minor quantitative differences exist in the ingredients present. The action of the article when fed to livestock would not be changed by these minor quantitative differences. After trial without a jury, the United States District Court for the District of Wyoming found that the article would not mitigate, treat, cure, or prevent bloat in livestock and found as a matter of law that the article was misbranded. The court entered a decree of condemnation and ordered that the seized article be destroyed. This action was No. 2960 Civil, decided March 11, 1946.

10. The claimant in this proceeding, J. P. Rosenbaum, the owner of the Hy-Life Mineral Company, appeared as claimant and contested the previous action decided in the United States District Court for the District of Wyoming.

11. Subsequent actions were filed against other shipments of the article involved in this action in 1945 in the United States District Court for the District of Kansas, First Division, Civil Action No. 5366; in 1945 in the United States District Court for the District of Montana, Butte Division; and three other seizure actions in the District of New Mexico in May of 1952, Nos. 2048, 2049, and 2050. All of these actions resulted in default decrees of condemnation.

Conclusions of Law.

On the basis of the foregoing findings of fact, I hereby conclude as a matter of law:

1. The seized article is a drug within the meaning of 21 U.S.C.A. § 321 (g) (2).

2. The article of drug was shipped in interstate commerce.

3. The drug when introduced into and while in interstate commerce was misbranded within the meaning of 21 U.S.C.A. § 352(f) (1) in that its labeling failed to bear adequate directions for use, since the labeling did not mention the disease condition for which the drug was intended, namely, bloat in sheep and cattle, nor did it bear any directions for use for that disease.

4. The claimant, the Globe Seed & Feed Company, Inc., is in privity with the claimant, Hy-Life Mineral Company and J. P. Rosenbaum, its owner, having obtained its title to the seized article from the Hy-Life Mineral Company and J. P. Rosenbaum.

5. The claimants are estopped by the principle of res judicata from contesting the issue as to whether the drug is effective in treating or preventing bloat in livestock, this issue having been decided adversely to them in prior litigation.

6. The drug was misbranded while held for sale after shipment in interstate commerce within the meaning

of 21 U.S.C.A. § 352(a), in that the statements in its labeling which recommended it for the prevention, treatment or cure of bloat in sheep and cattle are false and misleading.

7. The United States of America, libelant, is entitled to summary judgment as a matter of law since there exists no genuine issue as to any material fact.