UNITED STATES of America

v.

GRAYCE, Inc., and Juanita E. Feather.

Civ. A. No. 1644.

United States District Court
N. D. Indiana, South Bend Division.

Dec. 4, 1954.

Phil M. McNagny, Jr., U. S. Atty., Fort Wayne, Ind., and James H. Pankow, Asst. U. S. Atty., Hammond, Ind., for plaintiff.

Ray E. Lane, Chicago, Ill., for defendants.

PARKINSON, District Judge.

This is an injunction proceeding under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., which was tried to the Court first on an order to the defendants to show cause why a preliminary injunction should not issue and a few days later on the question of whether or not a permanent injunction should issue.

Upon submission on the order to show cause, the Court reserved its ruling thereon until trial on permanent injunction and, by agreement of the parties, fixed a trial date therefor.

The cause was submitted to the Court for trial on the date fixed and it is a decision of the cause on the merits which now solicits the attention of this Court.

The Federal Food, Drug and Cosmetic Act was designed to protect the public, the vast multitude which includes the ignorant, the credulous and the unthinking who, when making a purchase, do not stop to analyze. As a whole its primary purpose is to protect consumers from dangerous products which come within the purview thereof.

The Act provides inter alia, that a drug shall be deemed to be misbranded if its labeling is false or misleading in any particular or if it is dangerous to health when used in the dosage, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof, and prohibits the introduction into interstate commerce of a misbranded drug.

The pleadings admit and the undisputed evidence is that the defendants have been and still were at the time of trial, distributing in interstate commerce

Oak Balm Vaginal Suppositories prepared from the following formula:

| | | |
|---|---|---|
| Alum | 10 | lbs |
| Cocoa Butter | 9 | lbs |
| Borax | 6 | lbs |
| Golden Seal Powder | 2½ | lbs |
| Ichthammol | 2¼ | lbs |
| Olive Oil | 1 | quart |

for use in the treatment of temporary minor vaginal irritations accompanied by a label so stating and prescribing directions therefor.

The proof is convincing that the drug is misbranded because its labeling is false and misleading in that it has no therapeutic value whatsoever and instead of being efficacious in the cure of minor vaginal irritations is in fact harmful and will produce vaginal irritations instead of remove them; that its use could produce an ulcer and when used in the dosage and with the frequency prescribed, recommended and suggested in its labeling is dangerous to health.

The label which accompanies the suppositories states that the suppositories are to be used for temporary minor vaginal irritations and directs that a suppository be inserted into the vagina as high as possible and so long as *no irritation results* do not disturb for three days and nights. In other words, the defendants contemplate that the suppositories may cause the very condition they are placed on the market and sold to the public by the defendants to remedy. Because of the labeling and of the strong astringent properties of the suppository, all as shown by the evidence, this Court is of the opinion that the defendants are implicitly holding out to the public and selling Oak Balm Vaginal Suppositories for a use other than that set forth in the label.

Therefore, the Court having considered all of the evidence adduced, the arguments of counsel and the law applicable thereto does now make the following

## Findings of Fact

1.

The defendant, Grayce, Inc., is an Indiana corporation doing business at 757 Lincolnway East, South Bend, Indiana, and the defendant, Juanita E. Feather, is the Secretary-Treasurer thereof and is the person actively engaged in the operation of the business of the defendant, Grayce, Inc.

2.

Since October 1950, the defendant, Grayce, Inc., has been engaged in the business of selling and distributing drugs in interstate commerce including a drug marketed as Oak Balm Vaginal Suppositories which is prepared from the following formula:

| | | |
|---|---|---|
| Alum | 10 | lbs |
| Cocoa Butter | 9 | lbs |
| Borax | 6 | lbs |
| Golden Seal Powder | 2½ | lbs |
| Ichthammol | 2¼ | lbs |
| Olive Oil | 1 | quart |

and continually represented by the defendants as a safe and effective treatment for temporary minor vaginal irritations.

3.

Said Oak Balm Vaginal Suppositories are articles intended for use in the treatment, mitigation or cure of disease in women and are a drug.

4.

Said drug has no therapeutic value and instead of being efficacious in the cure of minor vaginal irritations is harmful and the labeling thereof by the defendants is false and misleading and said drug is misbranded.

5.

The use of said drug in accordance with the directions on the label will cause mucous membrane of the vaginal tract which is already irritated to become worse, and will cause healthy tissue to become irritated, and the irritation caused by its use would range from

slight damage by the use of a single suppository to severe ulceration with continued use.

6.

The use of said drug will not benefit any irritation of the vaginal tract but will produce irritation to the mucous membrane of the vaginal tract and when used in the dosage, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof is dangerous to health.

7.

The defendants have continued to distribute said Oak Balm Vaginal Suppositories in interstate commerce despite warnings that the drug was and is misbranded, and are now engaged in the introduction, sale, delivery for introduction and distribution in interstate commerce of said misbranded drug and will, unless enjoined, continue so to do.

Upon the foregoing special findings of fact, the Court now does state its

Conclusions of Law

1.

This Court has jurisdiction of the parties to and the subject matter of the action.

2.

■ Oak Balm Vaginal Suppositories are a drug within the meaning of 21 U.S.C.A. § 321(g) (2), because they are intended for use in the cure, mitigation, and treatment of diseases of the vagina.

3.

■ Oak Balm Vaginal Suppositories have been and are misbranded within the meaning of 21 U.S.C.A. § 352(a) because the statements contained in the labeling that the drug is a safe and effective treatment for minor irritations of the vaginal tract are false and misleading.

4.

Oak Balm Vaginal Suppositories have been and are misbranded within the meaning of 21 U.S.C.A. § 352(j) because when used as recommended in the labeling, in the dosage and for the dura-tion prescribed, the drug is dangerous to the health of the user.

5.

By introducing this misbranded drug into interstate commerce, the defendants have, over a period of years, been violating the provisions of 21 U.S.C.A. § 331 (a).

6.

■ The drug involved would be misbranded within the meaning of 21 U.S.C.A. § 352(f) (1) were the defendants as a result of an injunction to introduce the drug in interstate commerce without labeling stating the disease conditions for which it is intended to be used, since 21 U.S.C.A. § 352(f) (1) requires that the labeling state adequate directions for use, which include directions as to the conditions in which the drug is to be used.

7.

The United States of America, plaintiff, is entitled to a permanent injunction restraining the defendants, their officers, agents, servants, employees, and representatives, and all those persons in active concert or participation with them from introducing or causing to be introduced, or delivering, or causing to be delivered for introduction into interstate commerce Oak Balm Vaginal Suppositories or any drug having the same or similar composition which is misbranded within the meaning of 21 U.S.C.A. § 352 (a), (f) (1), (j).

It is therefore Ordered, Adjudged and Decreed as follows:

(1) That the Court has jurisdiction of the subject matter herein and of all persons or parties hereto and the complaint states a cause of action against the defendants under the Federal Food, Drug, and Cosmetic Act;

(2) That the defendants, Grayce, Inc., an Indiana corporation and Juanita E. Feather, an individual, and each and all of their agents, servants, employees and representatives, and all and any persons in active concert or participation with them or any of them who receive actual

notice of this decree by personal service or otherwise, be and they are hereby perpetually enjoined and restrained under the provisions of 21 U.S.C.A. § 332(a) from directly or indirectly introducing or causing to be introduced, or delivering or causing to be delivered for introduction into interstate commerce, in violation of Section 301(a) of the Act, 21 U.S.C.A. § 331(a), the article of drug labeled in part "Oak Balm Vaginal Suppositories" or any other article of drug of similar composition which is:

(a) misbranded within the meaning of Section 502(a) of the Act, 21 U.S.C.A. § 352(a), by reason of any representation or suggestion in the labeling of such article that such article is a safe, adequate and effective treatment for minor irritations of the vaginal tract or by reason of any other false and misleading representations or suggestions in the labeling of such article; or

(b) misbranded within the meaning of Section 502(f) (1) of the Act, 21 U.S.C.A. § 352(f) (1), because the labeling of such article fails to state the dosage for such article or all the conditions and purposes for which such article is intended; or

(c) misbranded within the meaning of Section 502(j) of the Act, 21 U.S.C.A. § 352(j), because such article is recommended for use in the vaginal tract.

(3) That the defendants, Grayce, Inc., an Indiana corporation, and Juanita E. Feather, an individual, shall give written notice of the provisions of this decree to each and all of their present and future agents, servants, employees and representatives, and all persons now or in the future in active concert or participation with them who assist in the manufacture, preparation and distribution of said article of drug or any similar article of drug.

(4) That jurisdiction of this Court is retained for the purpose of enforcing or modifying this decree and for the purpose of granting such additional relief as may hereinafter appear necessary or appropriate.

That the plaintiff, the United States of America, have and recover from the defendants the costs of this action, as taxed herein, to-wit, the sum of $————, and that the plaintiff have execution thereof.

The question on the order to show cause why a preliminary injunction should not issue being now moot, the defendants should be discharged therefrom, and

It is so ordered.