**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**DIAPULSE CORPORATION OF AMERICA, also known as the Diapulse Manufacturing Corporation of America, a corporation, Defendant-Appellant.**

**No. 331, Docket 74–1999.**

United States Court of Appeals, Second Circuit.

Argued March 20, 1975.

Decided March 21, 1975.

Copal Mintz, New York City, for appellant Diapulse Corp. of America.

Cyril Hyman, Asst. U. S. Atty., New York City (David G. Trager, U. S. Atty.,

E. D. N. Y., Paul B. Bergman, Asst. U. S. Atty., Peter Barton Hutt, Asst. Gen. Counsel, Alvin L. Gottlieb, Deputy Asst. Gen. Counsel, Forrest T. Patterson, Atty., Food and Drug Div., Office of General Counsel, U. S. Dept. of Health, Education, and Welfare, of counsel), for appellee United States of America.

Before KAUFMAN, Chief Judge, SMITH, Circuit Judge, and Mac-MAHON,* District Judge.

PER CURIAM:

██ Diapulse Corporation of America has appealed from a permanent injunction, issued on January 18, 1974, which modified a two-year old injunction prohibiting interstate shipment of a misbranded device known as "the Diapulse."[1] We find little merit to the Corporation's claim that Judge Dooling was without authority to amend the decree rendered by Judge Rosling on July 18, 1972. United States v. United Shoe Machinery Corp., 391 U.S. 244, 88 S.Ct. 1496, 20 L.Ed.2d 562 (1968). The contention that the injunction was improperly extended to cover devices held by practitioners is also without merit. Such devices, used in the treatment of patients, may properly be considered "held for sale" within the meaning of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 331(k). United States v. Device Labeled "Cameron Spitler, Etc.", 261 F.Supp. 243, 246 (D.Neb.1966); United States v. 10 Cartons, Etc., 152 F.Supp. 360, 364–65 (W.D.Pa.1957).

██ Finally, we reject the suggestion that the injunction exceeds the inspectional authority provided by the Act, by extending to all things "(including records, files, papers, processes and facilities) bearing on whether any prohibited devices have been or are being manufactured, assembled, processed, packed, transported, or held in such place."

* Of the Southern District of New York, sitting by designation.

1. For some of the earlier history of this continuing litigation, see United States v. Diapulse Manufacturing Corp., 269 F.Supp. 162 (D.Conn.1967), aff'd, 389 F.2d 612 (2d Cir.),

Aside from the propriety of the provision in light of the history of non-compliance with the 1972 decree, the specification of such authority with respect to prescription drugs, added by the 1962 amendments, Drug Amendments of 1962, Pub. L.No. 87–781, Title II, § 201(a) (Oct. 10, 1962), 76 Stat. 792, was not intended "to detract from, or imply the absence of, existing authority as to other drugs or articles subject to the act." 1962 U.S. Code Cong. & Admin.News, p. 2889.

We find the appellant's other contentions insubstantial.

Affirmed.

cert. denied, 392 U.S. 907, 88 S.Ct. 2059, 20 L.Ed.2d 1365 (1968); United States v. Diapulse Corp. of America, 457 F.2d 25 (2d Cir. 1972); United States v. Diapulse Corp. of America, 485 F.2d 677 (2d Cir. 1973), cert. denied, 416 U.S. 938, 94 S.Ct. 1938, 40 L.Ed.2d 288 (1974).