UNITED STATES of America, Plaintiff,

v.

ARTICLES OF ANIMAL DRUG CON-
TAINING DIETHYLSTILBESTROL
. . ., Defendant.

Civ. No. 80–0–309.

United States District Court,
D. Nebraska.

Nov. 4, 1981.

Thomas D. Thalken, U. S. Atty., Omaha, Neb., for plaintiff.

John F. Thomas, Omaha, Neb., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This in rem civil action was commenced on May 7, 1980, by the United States of America (hereinafter United States or government) pursuant to the Federal Food, Drug, and Cosmetic Act (hereinafter the Act), 21 U.S.C.A. § 301 *et seq.* The government seeks a decree, pursuant to 21 U.S.C.A. § 334(a)(1), condemning as adulterated certain articles of animal drug containing diethylstilbestrol (hereinafter DES). More specifically, the complaint alleges that the articles proceeded against are adulterated while held for sale after shipment in interstate commerce within the meaning of the Act, 21 U.S.C.A. § 351(a)(5), in that each is a new animal drug [21 U.S.C.A. § 321(w)] which is unsafe [21 U.S.C.A. § 360b(a)(1) (A)] since no approval of an application filed pursuant to § 360b(b) is presently in effect with respect to its use or intended use, and no notice of a claimed investigational exemption under 21 U.S.C.A. § 360b(j) and regulation 21 C.F.R. § 511.1 (1980) is on file for the ·drug in question.

Pursuant to the warrant for arrest issued by this Court, the above-captioned articles of drug were seized on May 16, 1980, by the United States Marshal for this District.

Foxley & Company (hereinafter claimant) thereafter intervened in the action by filing a claim to the seized articles and an answer to the complaint. Based upon a stipulation by and between . the United States and claimant, this Court ordered that claimant be appointed custodian for the seized articles pending further court order.

On the basis of the pleadings, answers to interrogatories, admissions on file and supporting affidavits, the parties have now cross-moved for summary judgment pursuant to Fed.R.Civ.P. 56. It is settled that summary judgment motions are appropriate in libel actions brought pursuant to the Act. *United States v. 14 Cases, Etc., "Naremco Medi-Matic,* 374 F.Supp. 922, 926 (W.D.Mo. 1974); *United States v. Article of Device . . . Cameron Spitler,* 261 F.Supp. 243, 244 (D.Neb.1966).

In the brief in support of its motion for summary judgment, the United States essentially argues that: (1) there is no genuine issue as to the fact that the seized articles are new animal drugs which are unsafe and, therefore, adulterated within the meaning of the Act; (2) the seized articles of drug are "held for sale" by claimant as a matter of law since they are being held for a purpose other than the personal consumption of the ultimate consumer; and (3) whether the seized articles were legally adulterated when purchased and received by claimant is immaterial to this proceeding in view of the Act's purpose to reach adulterated articles at all stages of commerce.

In the brief in support of its motion for summary judgment, the claimant essentially argues as follows: (1) claimant's purchase of the seized articles, which occurred prior to the effective date of the decision by the FDA Commissioner to withdraw approval of new animal drug applications for DES, was lawful; (2) the articles of drug containing DES purchased and received by claimant have not been "held for sale" after October 31, 1979; (3) claimant is not in violation of the FDA's ban on the use of DES animal drugs since claimant has not implanted any cattle since the effective date of said ban (November 1, 1979); and

(4) claimant's mere possession of the article of drug in question is not presently illegal.

The chosen starting point for analysis of the above-described cross motions for summary judgment is 21 U.S.C.A. § 334(a)(1), which in pertinent part provides:

> Any article of food, drug, or cosmetic that is adulterated or misbranded ... while held for sale (whether or not the first sale) after shipment in interstate commerce ... shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States ... within the jurisdiction of which the article is found ....

To obtain a judgment of condemnation of a seized article of drug under 21 U.S.C.A. § 334(a)(1), therefore, the government must prove that the item seized is (1) a new animal drug (2) which is adulterated (3) while held for sale (4) after shipment in interstate commerce. The Court now turns to a brief discussion of each of these requisite elements as applied to the case at bar.

### New Animal Drug

This Court finds, and claimant does not contest, that the articles of drug containing DES, which were seized on May 16, 1980, constitute a new animal drug within the meaning of 21 U.S.C.A. § 321(w). *See* "Diethylstilbestrol; Withdrawal of Approval of New Animal Drug Applications; Commissioner's Decision," 44 Fed.Reg. 54,852 (1979).

### Adulteration

■ A new animal drug is deemed to be adulterated [21 U.S.C.A. § 351(a)(5)] for purposes of the Act if it is unsafe [21 U.S.C.A. § 360b(a)(1)(A)]. And such a drug is deemed to be unsafe unless there is in effect an approval of a new animal drug application filed pursuant to 21 U.S.C.A. § 360b(b) with respect to the use or intended use of such drug, or a notice of claimed investigational exemption under 21 U.S.C.A. § 360b(j) is on file for the drug in question.

The claimant, Foxley & Company, has admitted that there is no approved new animal drug application in effect for the articles of drug seized in this action. Claimant's response to request 4 of plaintiff's first requests for admissions. Further, claimant has filed no notice of claimed investigational exemption under 21 U.S.C.A. § 360b(j) and Regulation 21 C.F.R. § 511.1 (1980) with respect to the articles of drug in question. Claimant's response to request 5 of plaintiff's first requests for admissions. As a result the Court finds that the new animal drug seized herein is unsafe, and thus adulterated, within the meaning of the Act.

### Held for Sale

Title 21, U.S.C.A. § 334(a)(1) requires *inter alia* that adulterated articles sought to be condemned must have been "held for sale" after their shipment in interstate commerce. Claimant apparently contends the United States has failed to demonstrate as a matter of law that the DES animal drugs in claimant's possession were held for sale at the time of seizure. In support thereof, claimant has submitted the affidavit of Jerald E. Swanson, D.V.M., an employee of Foxley Cattle Company. Doctor Swanson's affidavit states in part: "The DES seized has not been held for resale by Foxley Cattle Company nor implanted in any cattle owned by Foxley Cattle Company after October 31, 1979 ..." Claimant has also represented that, at the time of seizure, the articles of drug containing DES were being held for return to their manufacturer in exchange for a refund of the purchase price. Claimant's response to request 6 of plaintiff's first requests for admissions; claimant's answer to plaintiff's interrogatory No. 5.

■ It is well established that the terms "while held for sale" as they appear in the Federal Food, Drug, and Cosmetic Act have been given by courts an expansive rather than a technical construction. *United States v. 10 Cartons ... Hoxsey Tablets*, 152 F.Supp. 360, 364–65 (W.D.Pa.1957). Indeed, whenever there is a problem of construction involving the federal food and

drug law, the duty of courts is to liberally construe provisions of the Act, being mindful of its overriding purpose to protect the lives and health of the public. *Meserey v. United States*, 447 F.Supp. 548, 553 (D.Nev. 1977). In *United States v. Sullivan*, 332 U.S. 689, 696–97, 68 S.Ct. 331, 335–336, 92 L.Ed. 297 (1948), the Supreme Court explained that the words "while such article is held for sale after shipment in interstate commerce" apparently were intended by Congress "to extend the Act's coverage to every article that had gone through interstate commerce until it finally reached the ultimate consumer."

Courts have construed the "held for sale" clause to cover situations in which adulterated or misbranded articles are held by a retailer, *United States v. Sullivan, supra*; a wholesaler, *DeFreese v. United States*, 270 F.2d 730, 731 (5th Cir. 1959), *cert. denied*, 362 U.S. 944, 80 S.Ct. 810, 4 L.Ed.2d 772 (1960); and a bailee, *United States v. Wiesenfeld Warehouse Co.*, 376 U.S. 86, 92, 84 S.Ct. 559, 563, 11 L.Ed.2d 536 (1964). Physicians holding drugs for use in their practice may hold drugs for sale within the meaning of 21 U.S.C.A. § 331(k). *United States v. Evers*, 643 F.2d 1043, 1050 (5th Cir. 1981). Devices, held by medical practitioners and used in the treatment of patients, are properly considered "held for sale." *United States v. Diapulse Corp. of America*, 514 F.2d 1097, 1098 (2d Cir.), *cert. denied*, 423 U.S. 838, 96 S.Ct. 66, 46 L.Ed.2d 57 (1975); *United States v. Article of Device . . . Cameron Spitler, supra*, 261 F.Supp. at 246. Owners of a bakery have been convicted of violating the Act by holding adulterated flour for sale even though they planned to sell bread and rolls made from the flour rather than the flour itself. *United States v. Cassaro, Inc.*, 443 F.2d 153, 155 (1st Cir. 1971).

■■ This Court subscribes to the view that an article of drug or device is "held for sale" if it is used for any purpose other than personal consumption. *United States v. Articles of Device [Acuflex; Pro-Med]*, 426 F.Supp. 366, 368 n.3 (W.D.Pa.1977); *see United States v. Article of Device . . . Cameron Spitler, supra*. The animal drugs containing DES at issue here clearly were not being held for personal consumption by an ultimate consumer, and were, therefore, "held for sale" under 21 U.S.C.A. § 334(a)(1). This conclusion is reinforced by the statement in Doctor Jerald E. Swanson's affidavit that, on December 20, 1979, claimant shipped 100,000 pellets of DES to Mexico, which shipment was subsequently returned to Foxley Cattle Company.

### Shipment in Interstate Commerce

As previously noted, 21 U.S.C.A. § 334(a)(1) requires that the adulterated drugs sought to be condemned have been held for sale "after shipment in interstate commerce." Claimant herein admits that, prior to their seizure on May 16, 1980, the articles of animal drug in question had been shipped in interstate commerce. Claimant's response to requests 1 and 2 of plaintiff's first requests for admissions. Claimant asserts, however, that at the time it received the DES animal drugs, there was no legal restriction on their use, with the result that the nexus between the drug item and commerce, necessary to invoke federal jurisdiction, *United States v. Articles of Drug*, 585 F.2d 575, 585 (3d Cir. 1978), is not present in this case.

Claimant's argument misses the mark. The language employed by Congress in 21 U.S.C.A. §§ 331(k) and 334(a)(1) broadly prohibits misbranding or adulterating articles held for sale after interstate shipment, without regard to, *inter alia*, how long after the shipment the misbranding/adulteration occurred or how many intrastate sales had intervened. *United States v. Sullivan, supra*, 332 U.S. at 696, 68 S.Ct. at 335. "Once an article is misbranded, it has violated the law and is subject to seizure at any time thereafter and no subsequent action can purge it from the violation." *United States v. Article of Device . . . Cameron Spitler, supra*, 261 F.Supp. at 246; *see United States v. 1,800.2625 Wine Gallons*, 121 F.Supp. 735, 738 (W.D.Mo.1954). The above-quoted principle applies to adulterated articles of drug as well as to misbranded articles of device.

 It has been admitted by claimant that the seized animal drugs are presently adulterated after shipment in interstate commerce. The fact that the seized articles may not have been legally adulterated before their shipment to, or receipt or use by, claimant is immaterial to the propriety of a judgment of condemnation under the Act. The Act was designed to safeguard the consumer from the time the article is introduced into the stream of interstate commerce all the way to the moment of delivery to the ultimate consumer. *United States v. Wiesenfeld, supra*, 376 U.S. at 92, 84 S.Ct. at 563.

In its brief in support of motion for summary judgment, claimant notes that this litigation arose after issuance of the FDA Commissioner's decision on withdrawal of approval of new animal drug applications for DES, 44 Fed.Reg. 54852, which became effective June 29, 1979. Predicating its argument on the Commissioner's decision, claimant states that the federal laws covering adulterated substances simply did not apply to DES animal drugs prior to June 29, 1979, and that it is not illegal to possess DES which was purchased before, and not used after, the effective dates specified in the Commissioner's determination.

 Claimant's argument is without merit. In plain, direct and unambiguous language, 21 U.S.C.A. § 334(a)(1) provides that any adulterated article of drug which is held for sale after shipment in interstate commerce is subject to seizure and condemnation. Absent a clearly expressed legislative intention to the contrary, the language of a statute must ordinarily be regarded as conclusive. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Courts are not at liberty to modify by judicial construction the plain words of a statute or to depart from a statute's clear meaning under the guise of interpretation. *Adams v. Morton*, 581 F.2d 1314, 1320 (9th Cir. 1978); *Baker v. United States*, 460 F.2d 827, 831 (8th Cir. 1972). In situations where, as here, a statute's provisions are clear and unequivocal on their face, "this court must follow the dictates of that statute." *Sturdevant v. Wilber*, 464 F.Supp. 327, 332 (E.D.Wis.1979).

Considering that the articles of drug at issue in this action constitute a new animal drug that is adulterated while held for sale after shipment in interstate commerce, the Court finds that there is herein no genuine dispute as to any material fact and that the United States is entitled to judgment as a matter of law. A separate order granting plaintiff's motion for summary judgment (Filing No. 17), denying claimant's motion for summary judgment (Filing No. 15), entering a decree of condemnation of the seized articles of drug, and assessing costs pursuant to 21 U.S.C.A. § 334(e) will be entered this date.