**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**ELLIS RESEARCH LABORATORIES,**
**INC., and Robert W. Ellis, an individual, Defendants-Appellants.**

**No. 13471.**

United States Court of Appeals
Seventh Circuit.

March 22, 1962.

Max Putnam, Des Moines, Iowa, Charles B. Cannon, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Thomas W. James, Asst. U. S. Atty., Chicago, Ill., William J. Risteau, Department of Health, Education, and Welfare, of counsel, for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

The United States instituted an action against defendants, Ellis Research Laboratories, Inc. and Robert W. Ellis. By its complaint, it sought to enjoin defendants under the Federal Food, Drug, and

Cosmetic Act [1] from shipping in interstate commerce a misbranded device intended for use in the diagnosis of disease. After entering findings of fact and conclusions of law, the district court enjoined defendants from introducing the device into interstate commerce when accompanied by the written, printed or graphic matter that was found to be false and misleading. Defendants were further enjoined from introducing the device into interstate commerce "unless such device bears or is accompanied by written, printed, or graphic matter which clearly states every disease, condition, symptom and purpose for which the article is intended to be used * * *."

The device in question is called a Micro-Dynameter, a highly sensitive galvanometer. It consists of a cabinet to which are attached two wires which in turn connect to a variety of electrodes. In operation, the patient may hold an electrode in each hand or he may hold only one electrode while the examiner uses the other electrode as a probe, placing it on various parts of the patient's body. These electrodes are of dissimilar metals, and when they are placed in contact with the body an electric current is generated. The Micro-Dynameter measures the amount of current flow.

The district court found that "the current flowing between the electrodes as used with the Micro-Dynameter is not dependent on the health or diseased condition of the body, but [on] the amount of perspiration on the skin and other similar factors." The court further found that the labeling suggested and represented that the Micro-Dynameter was "adequate and effective for diagnosing practically all disease conditions as well as the health status of man * * *"

and that these suggestions and representations were false and misleading. In its final finding of fact, the court found that when sold and distributed, the labeling used in promoting the sale of the Micro-Dynameter "will fail to state the purposes and conditions for which it is intended to be used."

■ Defendants challenge these findings of the district court. Under Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A., these findings must stand unless we find them to be clearly erroneous. The conflict in the evidence is primarily between the opinions of defendants' expert witnesses that the Micro-Dynameter is an effective aid in diagnosis and the Government's expert witnesses that it is not. It was the duty of the trier of fact to resolve this conflict.[2] The district court resolved the conflict against defendants. Our examination of the entire record leads us to the conclusion that the district court's findings of fact are not clearly erroneous.

Defendants contend that the Micro-Dynameter is exempt from 21 U.S.C.A. § 352(f) (1) which requires the labeling to bear "adequate directions for use." [3] Unless the Micro-Dynameter falls within the scope of the exemption in the regulations promulgated by the Secretary of Health, Education and Welfare implementing the proviso of section 352(f) (1), it is not exempt from these labeling requirements.

■ The Micro-Dynameter qualifies as a "device" within the meaning of 21 U.S.C.A. § 321(h) and is thus subject to the provisions of the Act. The fact that the Micro-Dynameter may be used only by licensed practitioners can not be a basis for an exemption. Licensed practitioners are not exempt from

1. 21 U.S.C.A. §§ 301–392.

2. See National Labor Relations Board v. Aurora City Lines, Inc., 7 Cir., 299 F. 2d 229 (1962).

3. 21 U.S.C.A. § 352(f) (1) states: "A drug or device shall be deemed to be misbranded—(f) Unless its labeling bears

(1) adequate directions for use * * * *Provided*, That where any requirement of clause (1) of this subsection, as applied to any drug or device, is not necessary for the protection of the public health, the Secretary shall promulgate regulations exempting such drug or device from such requirement."

the terms of the Act,[4] and we see no reason why a device used solely by licensed practitioners should, for that reason alone, be exempt from that portion of the Act requiring the labeling to bear "adequate directions for use."

■ The Secretary's regulations provide the conditions under which a drug or device is exempt from the labeling requirements of section 352(f) (1).[5] The only category under which the Micro-Dynameter could possibly be exempt is that of prescription devices,[6] and defendants concede that it is not a prescription device. A prescription device is defined as: "A device which, because of any potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe except under the supervision of a practitioner licensed by law to direct the use of such device * * *."[7] This definition clearly imports that to be a prescription device the device must be safe for use under the supervision of a licensed practitioner. Under the findings of fact in the instant case, the Micro-Dynameter is not safe for use even in the hands of a licensed practitioner. A device whose labeling claims it to be an aid in diagnosing as many diseases as this one, when in fact it is not, is unsafe for use no matter who uses it. We hold that the Micro-Dynameter is not exempt from that portion of the Act requiring the labeling to bear "adequate directions for use."

■ Defendants urge that the complaint should have been dismissed because of two purported violations of the Act by the Secretary of Health, Education and Welfare. The first section the Secretary is accused of having violated is 21 U.S.C.A. § 335 which requires the Secretary to give notice and an opportunity to express his views to a person against whom a *criminal proceeding* is contemplated before reporting the violation to any United States Attorney. Defendants were not warned beforehand that an action was contemplated. Under the terms of this section, however, such warning is required of the Secretary only where criminal proceedings are contemplated. The instant action is a civil action for injunction.

■ The second section of which the Secretary is accused of having violated is 21 U.S.C.A. § 334(d). This section provides that a condemned device shall "be disposed of by destruction or sale as the court may, in accordance with the provisions of this section, direct * * *." As the result of a consent decree of condemnation entered in the United States District Court for the Northern District of Indiana in 1956, one of such Micro-Dynameters was turned over to a representative of the Department of Health, Education and Welfare. This Micro-Dynameter was retained by the Department and used in the preparation of the instant action. Defendants contend that the Secretary's failure to sell or destroy this Micro-Dynameter necessitates dismissal of the present action. We do not agree. The Act requires destruction or sale as the court may direct. It does not appear that the court has directed either destruction or sale of the device under the 1956 consent decree. The decree, entered into by Ellis Research Laboratories, Inc., one of the defendants in this action, directed that the Micro-Dynameter be turned over "to a representative of the Department of Health, Education, and Welfare."

4. Drown v. United States, 9 Cir., 198 F. 2d 999 (1952), cert. denied, 344 U.S. 920, 73 S.Ct. 385, 97 L.Ed. 709.

5. 21 C.F.R. §§ 1.106–07 (1955 and Supp. 1961).

6. 21 C.F.R. §§ 1.106(d) (1955 and Supp. 1961). In their brief and on oral argument, defendants relied on 21 C.F.R. § 1.106(e) (1955), providing an exemption for qualifying devices shipped directly to licensed practitioners. This section of the Secretary's regulations has now been revoked. 25 Fed.Reg. 12594 (1960). In any event, the revoked section exempted only prescription devices and the Micro-Dynameter does not qualify. See text accompanying note 7 infra.

7. 21 C.F.R. § 1.106(d) (1955).

We hold that the Secretary of Health, Education and Welfare did not violate the Act by failing to warn defendants before bringing this action or by retaining the Micro-Dynameter pursuant to the 1956 consent decree.

We find no merit in defendants' argument that the injunction sought and granted is an unconstitutional and unwarranted exercise of the regulatory powers exercised by the United States under the Act in question. Defendants contend that the result of the injunction will be to put them out of business. They can have no vested interest in a business activity found to be illegal. It has long been settled that the Act itself is a constitutional exercise of the commerce power. United States v. Walsh, 331 U.S. 432, 67 S.Ct. 1283, 91 L.Ed. 1585 (1947).

Defendants' contention that they were entitled to trial by jury is not well taken. Rule 38, F.R.C.P., provides that the right of trial by jury as declared by the Seventh Amendment "shall be preserved to the parties inviolate." The Seventh Amendment declares that "in [s]uits at common law, * * * the right of trial by jury shall be preserved * * *." Plaintiff sought only injunctive relief, and historically such an action has always been equitable in nature with the factual issues raised triable by the court.

In United States v. State of Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); an original action brought to enjoin the State of Louisiana and all persons claiming under it from trespassing on the land underlying the Gulf of Mexico, the Supreme Court stated: "Louisiana's motion for a jury trial is denied. We need not examine it beyond noting that this is an equity action for an injunction and accounting." Id. at 706, 70 S.Ct. p. 917. Accordingly, it is necessary here to note that plaintiff seeks only injunctive relief. The cases cited [8] by defendants where prayers for legal and equitable relief were joined are inapposite. The trial court did not err in denying defendants a trial by jury. The use of an advisory jury under Rule 39 (c), F.R.C.P., lies within the discretion of the trial court and is not a matter of right. Delman v. Federal Products Corporation, 1 Cir., 251 F.2d 123, 126 (1958).

Defendants attack the injunction on two grounds. First they urge that the scope of the injunction is beyond the bounds of the Act. Next they contend that the injunction is indefinite and uncertain.

Under paragraphs 1(a), (b) and (c) of the injunction, defendants are enjoined from introducing the Micro-Dynameter into interstate commerce accompanied by the labeling found to have been false and misleading. This is in accord with the findings of fact and enjoins a violation of 21 U.S.C.A. § 352(a). The trial court did not err with respect to these three subparagraphs of the injunction.

Paragraph 1(d) of the injunction enjoins defendants from introducing the Micro-Dynameter into interstate commerce unless accompanied by written matter which states every purpose for which it is intended to be used. This portion of the injunction enjoins a violation of 21 U.S.C.A. § 352(f) (1) which requires that the labeling bear "adequate directions for use." This section has been construed to mean that the labeling must include a statement of every purpose for which a drug or device is intended to be used. See V. E. Irons, Inc. v. United States, 1 Cir., 244 F.2d 34, 44–45 (1957), cert. denied, 354 U.S. 923, 77 S.Ct. 1383, 1 L.Ed.2d 1437; United States v. Hohensee, 3 Cir., 243 F.2d 367 (1957), cert. denied, 353 U.S. 976, 77 S.Ct. 1058, 1 L.Ed.2d 1136; Alberty Food Products v. United States, 9 Cir., 194 F.2d 463 (1952). The court below committed no error in enjoining violations of section 352(f) (1). Had de-

8. Leimer v. Woods, 8 Cir., 196 F.2d 828 (1952); United States v. 184 Barrels

Dried Whole Eggs, D.C.E.D.Wis., 53 F. Supp. 652 (1943).

fendants been enjoined merely from violating section 352(a) they could have introduced the Micro-Dynameter into interstate commerce without violating the injunction simply by failing to include in the labeling a statement of all purposes for which it was intended to be used. See United States v. Various Quantities of Articles of Drug, D.C.D.C., 83 F.Supp. 882, 885–886 (1949). The trial court found as a fact that unless enjoined the defendants will "fail to state [in the labeling] the purposes and conditions for which it is intended to be used." When such conduct is anticipated, the fact that defendants have not engaged in such conduct in the past does not preclude the issuance of an injunction. National Labor Relations Board v. Express Pub. Co., 312 U.S. 426, 435–436, 61 S.Ct. 693, 85 L.Ed. 930 (1941).

 With respect to the charge that the injunction is void for indefiniteness, defendants apparently contend that the trial court should have spelled out how the Micro-Dynameter can be labeled with "adequate directions for use." Such is not the function of the court. If defendants are unable to label their device without running afoul of that portion of the decree enjoining them from utilizing false and misleading labeling, the situation is of their own making. We find no error in the injunction issued by the district court.

In finding the labeling false and misleading, the district court set out a list of some 55 diseases and conditions which defendants claimed their device would be "adequate and effective for diagnosing." These run the gamut of most of the ills affecting "the health status of man." The court further found that the labeling made false and misleading representations that the device "shows what is actually going on down deep in the tissues of the body"; that it "provides the practitioner with the ability to restore at least 80 per cent of previously unhelped cases to health by following its indications"; and, among other equally fantastic claims, that it "constitutes the greatest step forward toward getting

sick people well since December 18, 1895."

With apparent good cause the Government argues that defendants' device is of the "quack" variety. There is sound reason in fact and in law for the issuance of the injunction in the form and manner determined by the district court for the protection of the public.

We have considered all other arguments advanced by defendants and find them without merit.

The judgment and decree of the district court appealed from is affirmed.

Affirmed.