**UNITED STATES of America**

v.

**An Article of Device, Consisting of ONE DEVICE, MORE OR LESS, Labeled in part: "* * * THE ELLIS MICRO-DYNAMETER" etc.**

**No. 54 of 1962.**

United States District Court
E. D. Pennsylvania.

Dec. 2, 1963.

Drew J. T. O'Keefe, by J. Shane Creamer, Asst. U. S. Atty., Philadelphia, Pa., for libelant.

Jacob S. Richman, Samson B. Bernstein, Philadelphia, Pa., for claimant.

LUONGO, District Judge.

This is a suit under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq. (hereinafter referred to as Act. Section number references will be to U.S.C.A. section numbers.) The United States filed a libel *in rem* (§ 334) seeking to condemn as misbranded (§ 352 (a) and § 352(f)) a certain article of device known as an Ellis Micro-Dynameter. George Morris, a chiropractor, from whom the device was seized has filed a claim thereto seeking its return.

Before me is the motion of the United States for summary judgment under Fed. R.Civ.P. 56, as amended, contending that the pleadings, affidavits and answers to interrogatories show that there is no genuine issue as to any material fact and it is entitled to judgment of condemnation as a matter of law. It asserts further that claimant is bound, under principles, of *res judicata,* by certain determinations made in other proceedings involving the Ellis Micro-Dynameter.[1] Claimant Morris opposes the motion on the ground that there are genuine issues of material fact in this record precluding the entry of summary judgment and that he is not bound by the determination of any issues in other proceedings to which he was not a party.

It will not be necessary to consider whether findings made in *in personam* injunction proceedings, to which claimant was not a party [2] and which took place several years *after* he had acquired title to the device, are binding on him in this *in rem* proceeding, since, wholly apart from findings made in that prior litigation, uncontroverted matters in the instant record warrant and require entry of summary judgment of condemnation.

From the pleadings, affidavits and answers to interrogatories, the following facts appear:

The Ellis Micro-Dynameter is a string galvanometer capable of measuring the degree of resistance to electrical current on the skin. Claimant first bought one in 1945 which he used extensively. He replaced it with the seized device which he purchased in September 1953 from Ellis Research Laboratories, Inc., Chicago, Illinois. The seized device was

1. United States v. Ellis Research Laboratories, Inc. and Robert W. Ellis, United States District Court, Northern District of Illinois, Eastern Division, No. 60–C–578, 1961, aff'd. 300 F.2d 550 (7th Cir. 1962), cert. denied 370 U.S. 918, 82 S.Ct. 1558, 8 L.Ed.2d 499 (1962), wherein the manufacturer and president of the company were enjoined from placing in interstate commerce the Ellis Micro-Dynameter as a misbranded electrical device.

2. Cf. Bruszewski v. United States, 181 F.2d 419 (3rd Cir. 1950), cert. denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950).

shipped to him in interstate commerce together with literature which referred to and made claims for it. Thereafter, from time to time, similar literature was shipped to him. In the literature so received by Morris it was claimed that the Micro-Dynameter was capable of detecting numerous serious diseases (including, *inter alia*, stomach ulcers, epilipsy, cancer, peri-urethral abscess, uraemia, nervousness, surgical shock, tooth infection, strep infection, multiple abscesses, pulmonary hemorrhage, diabetes, insanity, acidosis, alkalosis) by measuring electrical currents generated from various areas of the body.

The government asserts, and has submitted affidavits of medical experts and an electronics engineer in support, that the device is of no value whatever in diagnosing any disease, that all claims made for it in the accompanying literature are false. Claimant contends, by his own and the affidavits of several chiropractors and an electrical engineer, that the device is a valuable aid in locating and detecting the focus of spinal subluxation [3] and has a valuable use for diagnostic purposes. Claimant has admitted (in his briefs, at oral argument and by failure to controvert specifically as required by the amended Rule 56) that, other than localization of spinal subluxations, the device has no value for the uses claimed for it by the manufacturer. Claimant asserts that he has not been misled in any way by any of the manufacturer's "fantastic" (claimant's characterization) claims.

Claimant's position is that the foregoing presents genuine issues of fact, i.

e. whether the device is worthless as a diagnostic aid as the government contends or whether it has *some* use as claimant contends, and whether claimant has been misled by any of the false claims, therefore summary judgment may not be entered.

■ Not every issue of fact, however genuine, precludes entry of summary judgment, it is only genuine issues of *material* fact which have that effect. Whether the issues here asserted by claimant are material depends upon whether, on the one hand, the Act requires condemnation of a device if claims made for it are in part false, or whether, on the other hand, a device is saved from condemnation if claims made for it are in part truthful (or, as claimant seems to suggest, if it is capable of any use at all.[4]). If it is the former, then the issues raised by claimant are immaterial, for if all the fact issues raised by claimant were to be resolved in his favor, the record would reveal the following:

The Ellis Micro-Dynameter was placed in interstate commerce accompanied by literature which explained its use and which falsely claimed for the device the capability to diagnose numerous diseases which it was not capable of diagnosing. Claimant was not misled by any of those false claims and he did not rely on them. The device was of some use as a diagnostic aid in localizing spinal subluxations and that was the only use which claimant made of it.

On this state of facts the government is entitled to have its motion for summary judgment granted.

---

3. In answers to interrogatories claimant described a spinal subluxation as a partial dislocation of one or more vertebrae which tends to impinge nerve structures which pass through the vertebrae, causing abnormal innervation in the organ or part of the body corresponding to the subluxated vertebrae, the abnormal innervation causing functional or organic disease (or predisposition to disease) in the effected organ or part of the body. Adjustment of the subluxated vertebrae relieves the abnormal innervation and permits rehabilitation.

4. Counsel sums up claimant's position in his brief in these words:
"[Claimant] cannot understand why anyone would want to destroy a scientific instrument which has a single salutory [sic] purpose, just because the manufacturer, who sold it to him, made other unsolicited claims which were rejected by him, and which were 'fantastic' and unsupported by respectable medical authority."

It is clear that the Ellis Micro-Dynameter, as an instrument or apparatus intended for use in the diagnosis of the diseases of man, is an article of device (§ 321(h)).

Section 352 of the Act provides, in part:

"§ 352. Misbranded drugs and devices

"A drug or device shall be deemed to be misbranded—

"(a) If its labeling is false or misleading in any particular.

\* \* \* \* \*

"(f) Unless its labeling bears (1) adequate directions for use;
\* \* \*."

Labeling is defined to mean "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." (§ 321(m)).

■ The literature which was shipped with the device and that which was shipped to claimant thereafter was all designed for use in the distribution and sale of the device, therefore accompanied it and constituted "labeling" as defined in the Act, § 321(m); Kordel v. United States, 335 U.S. 345, 69 S.Ct. 106, 93 L.Ed. 52 (1948); United States v. Urbuteit, 335 U.S. 355, 69 S.Ct. 112, 93 L.Ed. 61 (1948); United States v. 47 Bottles, etc., R. J. Formula, 320 F.2d 564 (3rd Cir. 1963); United States v. 353 Cases Mountain Valley Mineral Water, 247 F.2d 473 (8th Cir. 1957).

■ If any claim made in the labeling is false or misleading, the drug or device is misbranded under § 352(a). United States v. 95 Barrels, etc., of Vinegar, 265 U.S. 438, 44 S.Ct. 529, 68 L.Ed. 1094 (1924); United States v. 47 Bottles, etc., R. J. Formula, supra; United States v. Hoxsey Cancer Clinic, 198 F.2d 273 (5th Cir. 1952), cert. denied 344 U.S.

928, 73 S.Ct. 496, 97 L.Ed. 714 (1953), rehearing denied 345 U.S. 914, 73 S.Ct. 642, 97 L.Ed. 1348 (1953); United States v. One Device, Intended for Use as a Colonic Irrigator, 160 F.2d 194 (10th Cir. 1947). Many false claims were admittedly made in the literature which accompanied the Micro-Dynameter, but claimant argues that, since he was not misled by them, the false claims in the labeling did not constitute misbranding. Little need be said about that contention. Such an interpretation would require replacing the disjunctive "or" in § 352(a) with the conjunctive "and", which would not only be an unwarranted disregard of the clear meaning of words, it would also run counter to the purpose and intent of the Act to keep misbranded drugs and devices out of the channels of commerce. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943). The word "misleading" in § 352(a) is obviously not intended to narrow the scope of misbranding but to broaden it to cover situations in which, although a claim is not technically false, or even if literally true, the drug or device may nevertheless be misbranded if the total effect of the labeling is to deceive or mislead. United States v. 95 Barrels, etc., of Vinegar, supra. Further, under § 334(a),[5] misbranding, and therefore liability to condemnation, is determined by the state of facts existing at the time of the introduction of the device into interstate commerce, or while in interstate commerce. Condemnation, therefore, cannot be made to depend upon the happenstance of the knowledge, training or degree of gullibility of the person into whose hands the misbranded article falls and upon whether that person, in fact, relied upon the false claims. United States v. Olsen, 161 F.2d 669 (9th Cir. 1947), cert. denied 332 U.S. 768, 68 S.Ct. 79, 92 L.Ed. 353 (1947); and see United States v. 47

5. § 334 "(a) Any article of \* \* \* device \* \* \* that is adulterated or misbranded when introduced into or while in interstate commerce \* \* \* shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found: \* \* \*."

Bottles, etc., R. J. Formula, supra, in which literature, even though not actually used, was held to be labeling and therefore misbranding under § 352(a).

Since the Ellis Micro-Dynameter was admittedly incapable of all uses claimed for it, adequate directions for the claimed uses which it was incapable of performing could not be written and the device, therefore, was also misbranded under § 352(f). Alberty Food Products v. United States, 194 F.2d 463 (9th Cir. 1952).

The motion of the United States for summary judgment will be granted.