UNITED STATES of America, Libelant,

v.

An article consisting of 216 individually cartoned BOTTLES, MORE OR LESS, of an article labeled in part:

(btl.)
"SUDDEN CHANGE BY LANOLIN PLUS LAB. DIV. HAZEL BISHOP INC., Dist. Union, N.J. .20 fl. oz."

(carton)
"Sudden Change by Lanolin Plus The Perfected Anti-Wrinkle Face Lift Acts in Minutes—Lasts For Hours Natural Protein Liquid * * *"

(leaflet in carton)
"Face Lift Without Surgery The Perfected Anti-Wrinkle Face Lift * * * Sudden Change * * *", Hazel Bishop, Inc., Claimant.

No. 64-M-900.

United States District Court
E. D. New York.
Jan. 21, 1965.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for libelant; Carl Golden, Asst. U. S. Atty., of counsel.

Rogers, Hoge & Hills, New York City, for claimant; Andrew J. Graham and Daniel A. McCarthy, New York City, of counsel.

BARTELS, District Judge.

This is an action *in rem* arising under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq. ("Act"), instituted by the Government by (1) filing a Libel of Information in the United States District Court for the Southern District of Florida, for the purpose of seizing certain cartoned bottles of an article labeled in part as "Sudden Change by Lanolin Plus" and also certain pieces of promotional material, and (2) obtaining a decree of condemnation of the seized article upon the ground that the same is a "drug" within the meaning of 21 U.S.C.A. § 321(g)(3) and was introduced into interstate commerce in violation of the provisions of the Act. The Government charges that "Sudden Change" (i) is a "new drug" under 21 U.S.C.A. § 321(p) introduced into interstate commerce in violation of 21 U.S.C.A. § 355(a); (ii) is misbranded under 21 U.S.C.A. § 352(a), in that the labeling contains false and misleading statements as to its effectiveness to eliminate wrinkles and to provide a face lift without surgery; and (iii) its label fails to bear the established name of each active ingredient as required by 21 U.S.C.A. § 352(e) (1)(A)(ii). Hazel Bishop, Inc., a New York corporation, intervened, alleging ownership of the article seized, and filed an answer admitting interstate shipment and alleging that the article is a cosmetic which has a temporary cosmetic effect upon wrinkles, but denying any misbranding or violation of the Act, and thereafter removed the action for trial to this district.

As part of the discovery proceedings in this action, the Government served Hazel Bishop, Inc., the claimant, with 57 written interrogatories, to 28 of which the claimant filed objections. As to these objections the claimant has classified the interrogatories into categories to which the objections are applicable and they will therefore be considered accordingly as far as practicable.

I

*Objections to Libelant's Interrogatories 3, 11, 17, 18, 19, 29(a) and (c), and 53.*

These interrogatories, in substance, seek details with respect to the releases, advertisements and over-all promotional program employed to advance the sale and distribution of the article "Sudden Change" regardless of whether such material related to the specific article seized in Miami. The claimant objects to these interrogatories upon the ground that they are not restricted to the specific lot of "Sudden Change" seized in Miami, asserting that the seized articles are the subject matter of the proceeding and that the test of relevancy is accordingly restricted to that unit. Therefore, the claimant argues that its advertisements and program concerning the same article at times and places other than the seizure of the article in Miami are not involved in the case and hence are irrelevant.

Rule 26(b), Fed.Rules Civ.Proc., 28 U. S.C.A., which governs the scope of the interrogatories under Rule 33, permits inquiry as to "any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *". Such inquiry is not limited to the precise issues framed by the pleadings. Payer, Hewitt & Co. v. Bellanca Corp., D.Del. 1960, 26 F.R.D. 219; 4 Moore's Federal Practice (Second Edition) 1950, ¶33.15, p. 2296. The subject matter of this suit as determined by the libel and the answer is the violation of the Act by the accused article. The offense charged is not limited to the article seized but includes the article wherever and whenever it has been introduced into interstate commerce in violation of the Act. This proceeding is not an *in rem* action in the traditional and admiralty sense of the phrase, after the initial seizure. "The important thing is not the classification but what is the object of the action". Fraser, Actions

in Rem, 34 Cornell L.Q. 29, 30 (1948). ·After the seizure the proceedings assume the character of an ordinary law suit. 443 Cans of Frozen Egg Product v. United States, 1912, 226 U.S. 172, 33 S. Ct. 50, 57 L.Ed. 174; United States v. Arizona Canning Co., 10 Cir.1954, 212 F.2d 532. Further, any determination in this proceeding is *res judicata* in a subsequent injunction action against the claimant under the misbranding provisions of the Act. United States v. Nysco Laboratories, Inc., E.D.N.Y.1963, 215 F.Supp. 87, aff'd, 2 Cir., 318 F.2d 817. Conse-·quently, seizure of the article by libel is simply a convenient device or method of initiating the action and in no way differentiates the discovery proceedings therein from those of an ordinary law suit. For instance, in cases of this type tests and opinions predicated upon units other than those seized are clearly admissible into evidence. United States v. One Device, More or Less, The Ellis Micro-Dynameter, E.D.Pa.1963, 224 F. Supp. 265; United States v. 47 Bottles, More or Less, Jenasol, etc., 3 Cir.1963, 320 F.2d 564. Likewise, consumers of the unseized articles, wherever they may be, are permitted to testify as to the ·results which they experienced from using the article. United States v. 18 Cases \* \* \* Barton's Cannibalism Remedy, Kleinfeld & Kaplan, Federal Food, Drug and Cosmetic Act, 1958–1960, p. 153 (D.Oregon 1955). If the claimant ·wishes to contend that the unseized articles are different in composition or effectiveness from the seized article, it will have an opportunity to do so by its own discovery proceedings or by proof at the trial. In the meantime, to limit inquiry to the article seized would be to sterilize the meaning of the words "subject matter" and emasculate the effect of Rule 33.

·Advertisements, catalogs, circulars, displays and other promotional material

·wherever used, are relevant to ascertain the purpose and intended use of the product as well as the meaning of the labels. Research Laboratories, Inc. v. United States, 9 Cir.1948, 167 F.2d 410; United States v. 39 Bags, More or Less, Elip Tablets, E.D.N.Y.1957, 150 F.Supp. 648. Names and addresses of persons having knowledge of the effectiveness and safety of the product based upon their experience, are equally relevant. United States v. 18 Cases \* \* \* Barton's Cannibalism Remedy, supra. However, the reason the models were rejected or selected as required by interrogatory 11 and inquiries concerning manufacture, sale and distribution and promotional material relating to products other than but similar to "Sudden Change" as required by interrogatories 17 and 29(a) and (c) are irrelevant and are therefore disallowed.

## II

### *Objections to Libelant's Interrogatories 4, 5, 6, 7, 8 and 9.*

■■ These interrogatories seek the chemical ingredients of the formula or composition of "Sudden Change". The objections are based upon the contention that "Sudden Change" is a cosmetic, not a drug, and that the law does not require (1) a cosmetic manufacturer to reveal the ingredients of the formula of the cosmetic upon. its labels or elsewhere, nor (2) authorize the Food and Drug Administration to require such manufacturer to make such disclosure and hence the ingredients are irrelevant to the subject matter of the suit. The claimant further states that the formula is a trade secret but admits that it is not protected by any absolute privilege. United States v. 48 Jars, More or Less, etc., D.C.D.C. 1958, 23 F.R.D. 192. 21 U.S.C.A. § 321 contains the definition of the terms "drug" and "new drug" and also of the term "cosmetic".[1] Whether "Sudden Change" is a "drug", a "new drug" or a

1. "(g) The term 'drug' means (1) articles recognized in the official United States Pharmacopœia, official Homœo-pathic Pharmacopœia of the United States, or official National Formulary, or any supplement to any of them; and

"cosmetic" is one of the issues in the case. To adopt the claimant's suggestion that these interrogatories should be stricken because the article is not a drug, is to decide that issue before discovery proceedings or trial. Upon a motion addressed to interrogatories, the Court has no authority to make such a decision. See Santo v. Lehigh Valley R. Co., S.D.N.Y.1945, 8 Fed.Rules Serv. 33.321, Case 2. Moreover, the libelant is entitled to inquire and to examine upon its theory of the facts and law of the case and is not limited to the claimant's theory. RCA Mfg. Co., Inc. v. Decca Records, Inc., S.D.N.Y. 1940, 1 F.R.D. 433; 4 Moore's Federal Practice (Second Edition) 1950, ¶33.14, p. 2296. Proper safeguards, however, should surround the discovery of this information by a requirement that the Government refrain from publicizing or otherwise revealing the formulas or trade secrets without the express permission of the Court.

### III

*Objections to Libelant's Interrogatories 22, 40, 42, 43 and 55.*

 These interrogatories inquire into matter relating to the "safety and effectiveness" of the article as that term is used in 21 U.S.C.A. § 321(p), defining the term "new drug". Claimant objects upon the ground that the questions presuppose that the article is a drug or medication intended to affect the structure or function of man or animal and since the article is not a drug, "new" or otherwise, the answer would be predicated upon hypothetical and false facts and would of necessity embody a conclusion or opinion. Claimant forgets that one of the main issues in the case is whether the article is a drug, "new" or otherwise. The Government's theory is that the article is a drug and as previously stated, the discovery proceeding cannot proceed upon the basis that this issue has been decided in claimant's favor. The spirit and philosophy of Rule 33 requires that it be given a broad and liberal interpretation and "To that end, either party may compel the other to disgorge whatever facts he has in his possession". Hickman v. Taylor, 1946, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. A party may not refuse to answer an interrogatory upon the ground that it is phrased in such a manner that the answer given would be predicated upon a false hypothesis according to the interrogated party's theory of the

(2) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (3) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (4) articles intended for use as a component of any article specified in clause (1), (2), or (3) of this paragraph; but does not include devices or their components, parts, or accessories."

"(p) the term 'new drug' means—

"(1) Any drug the composition of which is such that such drug is not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof, except that such a drug not so recognized shall not be deemed to be a 'new drug' if at any time prior to the enactment of this chapter it was subject to the Food and Drugs Act of June 30, 1906, as amended, and if at such time its labeling contained the same representations concerning the conditions of its use; or

"(2) Any drug the composition of which is such that such drug, as a result of investigations to determine its safety and effectiveness for use under such conditions, has become so recognized, but which has not, otherwise than in such investigations, been used to a material extent or for a material time under such conditions."

"(i) The term 'cosmetic' means (1) articles intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance, and (2) articles intended for use as a component of any such articles; except that such term shall not include soap."

case. See James v. Atlantic Coast Line Railroad Company, E.D.S.C.1962, 210 F. Supp. 76. Nevertheless, interrogatory 42 is too sweeping in that it requires names and addresses of experts "qualified by scientific training and experience" to evaluate the safety and effectiveness of drugs, "who are competent to testify that the seized article is generally recognized as safe and effective". If libelant is seeking the names and addresses of experts known to claimant who have evaluated the safety and effectiveness of drugs, that is one thing. It is an entirely different matter to ask the claimant to pass upon the qualifications of experts who can evaluate the article and who are competent to testify that the article is safe and effective. This interrogatory must be limited to eliminate any requirement on the part of the claimant to represent or guarantee the qualifications of the experts to make the evaluation or their competence to testify.

### IV

### Objection to Libelant's Interrogatory 30.

This interrogatory seeks the names and addresses of the claimant's witnesses and the identity of its experts. The objections are based upon the ground that the demand is premature and at present impossible of complete fulfillment. The purpose of the interrogatories is to discover facts or to learn where such facts are available and to narrow the issues of fact. Disclosure of the names of witnesses with knowledge of the facts would accomplish this purpose. 4 Moore's Federal Practice (Second Edition) 1950, ¶26.19(1), p. 1244. If the claimant has been unable to determine at this time the identity of all witnesses it will call, it shall so state and disclose the identity of those witnesses it is now certain it will rely upon without prejudice to it to expand or retract this list at pretrial. Cf., United States v. Procter & Gamble Company, D.N.J.1960, 25 F.R.D. 252; Aktie-

bolaget Vargos v. Clark, D.C.D.C.1949, 8 F.R.D. 635, 636. Therefore, the objection will be overruled.

### V

### Objections to Libelant's Interrogatories 31(a) and 52.

Interrogatory 31(a) seeks information from the claimant concerning its "basis for adoption of the slogan 'Facelift without surgery'", and interrogatory 52 seeks information from the claimant concerning "the basis on which Hazel Bishop, Inc., concluded that Sudden Change is not a new drug but a cosmetic which requires no 'new drug' approval." The objection to these interrogatories is that "it is unclear what is meant by 'basis'", and that interrogatory 52 calls for a conclusion. There is no merit to the charge of ambiguity as to the term "basis". If, on the other hand, the interrogatories call for unadulterated conclusions and opinions instead of facts upon which they may be predicated, then they fall outside of the pale of relevancy. Clearly, interrogatories addressed only to the facts of the claim or defense of Hazel Bishop, Inc. are relevant and proper under Rule 26(b). Cinema Amusements v. Loew's, Inc., D.Del.1947, 7 F.R.D. 318. To determine whether the interrogatories seek pure opinions or facts interwoven with opinions is sometimes difficult. In this connection it is necessary to observe the distinction between relevancy to the subject matter involved in the action and the admissibility in evidence of the answers required. United States v. Columbia Steel Co., D.Del.1947, 7 F.R.D. 183. The defense in this action is that "Sudden Change" is a cosmetic producing certain temporary results and is not a drug, "new" or otherwise. The libelant is entitled to know the factual basis of this defense and if it is impossible to segregate the facts from the conclusions, then both must be given. The objections to these interrogatories will be overruled upon the above conditions but claimant

will not be required to disclose what are nothing more than opinions, pure and simple.

## VI

*Objections to Libelant's Interrogatories 32, 46, 47, 48 and 49.*

 Interrogatory 32 seeks names and addresses of experts who support the claimant's position. This disclosure is permissible. Interrogatory 46 inquires whether claimant admits that the article has certain intended uses and that it actually affects the structure or function of the body or skin of man. If the answer to interrogatory 46 is not in the affirmative, then interrogatory 47 seeks a true statement of facts and the names of witnesses and citations to medical and scientific literature in support of claimant's position. Interrogatory 48 seeks an admission from claimant that Exhibits 1–8, inclusive, represent and suggest that the article is for the middle-aged woman and performs a certain function. Interrogatory 49 is similar to interrogatory 47 in that it seeks the same information relative to interrogatory 48 if the answer to the latter is not in the affirmative.

As stated before, inquiry into claimant's case, including names and addresses of those having knowledge of the facts, is proper. Similarly, the intended uses of the article as mentioned in 21 U.S.C.A. § 321 are relevant facts under the Act and inquiry along those lines is not limited, as argued by the claimant, to the representations made in the labeling of the product. See United States v. 354 Bulk Cartons Trim Reducing-Aid Cigarettes, D.N.J.1959, 178 F.Supp. 847. Interrogatories 32 and 46 will be allowed. Interrogatory 47 will also be permitted but only upon condition that (i) the so-called witnesses will be limited to those now known to claimant having knowledge of the facts without prejudice to claimant's right to call other witnesses at the trial; (ii) citations to medical and scientific literature will be limited to such citations within the claimant's present knowledge. As to Exhibits 1–8, inclusive, referred to in interrogatory 48, the language and the meaning of the words in these exhibits appear to be clear and unequivocal and what claimant admits or denies these words mean is totally irrelevant to the subject matter of the controversy. The exhibits and the documents speak for themselves and accordingly the objections will be sustained.

## VII

*Objections to Libelant's Interrogatories 49, 51 and 56 upon the ground that compliance will be unduly burdensome.*

 Compilation of data and information by claimant from its own records is not improper, particularly where the interrogated party must make such compilation for its own preparation for trial. Baim & Blank, Inc. v. Philco Distributors, Inc., E.D.N.Y.1957, 25 F.R.D. 86. On the other hand, it is unreasonable to require the claimant to search for facts and to compile outside data and citations to literature not within its possession or known to it, as the case may be. Aktiebolaget Vargos v. Clark, supra.

These interrogatories are permissible insofar as they require claimant to disgorge information within its knowledge or possession. United States v. E. I. duPont de Nemours & Co., D.C.Ill.1952, 13 F.R.D. 98; United States v. Nysco Laboratories, Inc., E.D.N.Y.1960, 26 F.R.D. 159; Bowles v. McMinnville Mfg. Co., D.C.Tenn.1946, 7 F.R.D. 64.

Settle order within ten (10) days on two (2) days' notice.