**UNITED STATES of America, Plaintiff,**

**v.**

**An ARTICLE OF FOOD CONSISTING OF 432 CARTONS, MORE OR LESS, each CONTAINING 6 INDIVIDUALLY WRAPPED CANDY LOLLIPOPS OF VARIOUS FLAVORS [ETC.], Defendant.**

**No. 67 Civ. 5025.**

United States District Court
S. D. New York.

Oct. 1, 1968.

Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, for United States, by Simon P. Gourdine, Asst. U. S. Atty., New York City.

Sydney B. Schlessel, New York City, for claimant, A. Freed Novelty, Inc.

MANSFIELD, District Judge.

■ This is a libel for condemnation instituted under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 334(a), on the ground that the article of food seized was misbranded when introduced into interstate commerce. The complaint for forfeiture alleges that the labeling of the article is false or misleading and that therefore the food is misbranded under 21 U.S.C.A. § 343(a). Claimant, the owner of the goods, has admitted the jurisdiction of the Court over this matter, but denies that the article of food is misbranded. It also raises two affirmative defenses. The United States has moved for a judgment of condemnation on the pleadings pursuant to Rule 12(c), F.R.Civ.P. Since matters outside the pleadings have been presented to and not excluded by the Court, the motion pursuant to Rule 12(c) can and shall be treated as one for summary judgment under Rule 56, F.R.C.P.

The article of food in question consists of about 432 cartons each containing six lollipops. On the outside the carton is labeled on top "Candy * * * for one with Sophisticated Taste," on one side, "A. Freed Novelty, Inc., N.Y.C.," and on the other side, "Ingredients: Sugar, corn syrup, citric acid, natural and artificial flavors." The inside of the box contains the legend, "Liquor Flavored Lollypops," and the slogan, "Take Your Pick of a Liquor Stick." In addition the lollipops themselves are labeled, both in the box and on the cellophane in which they are individually wrapped, as "Scotch," "Bourbon," and "Gin."

The Government contends that the internal labeling is false or misleading in that it implies and represents that "the article is flavored with liquor, which it is not." In response claimant does not allege that the lollipops are flavored with liquor, but by way of affirmative defenses contends that they are not misbranded because the cartons are clearly labeled "candy" and the ingredients are distinctly set forth, and that the ordinary purchaser would not read or understand it to represent that the lollipops contain any alcohol or liquor.

■ In approaching the question of whether the labeling here was false and misleading within the meaning of the statute, we recognize that the statute does not provide for much flexibility in

interpretation, see United States v. 95 Barrels * * * Apple Cider Vinegar, 265 U.S. 438, 44 S.Ct. 529, 68 L.Ed. 1094 (1924), since it requires only that the labeling be false or misleading *"in any particular."* (emphasis supplied) 21 U.S.C.A. § 343(a). This represents a stricter substantive standard than that applied with respect to false advertising, which in order to be prohibited must be "misleading in a *material respect."* (emphasis supplied) 15 U.S.C.A. § 55(a). See Developments in the Law—Deceptive Advertising, 80 Harv.L.Rev. 1106, et seq. (1967). Furthermore the statute says "false *or* misleading." For instance, the use of the term *"fruit flavored"* on a pudding product has been held after a trial on the merits to be false and misleading even though the product was manufactured from grain which, while botanically a fruit, was not a fruit in common parlance. United States v. 150 Cases of Fruit Puddine, 211 F. 360 (D. Mass.1914).

■■ The issue of whether a label is false or misleading may not be resolved by fragmentizing it, or isolating statements claimed to be false from the label in its entirety, since such statements may not be deemed misleading when read in the light of the label as a whole. However, even though the actual ingredients are stated on the outside of a carton, false or misleading statements inside the carton may lead to the conclusion that the labeling is misleading, since a true statement will not necessarily cure or neutralize a false one contained in the label. United States v. One Device, More or Less * * * The *Ellis Microdynameter*, 224 F.Supp. 265 (E.D.Pa.1963), and United States v. 47 Bottles, More or Less * * * Jenasol R. J. Formula "60", 201 F.Supp. 915 (D.N.J.1962), affd., 320 F.2d 564 (3d Cir. 1963), cert. denied, Schere v. United States, 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313 (1964). Furthermore, the fact that purchasers of a product have not been misled, while admissible on the issue of whether the label is false or misleading, would not constitute a defense.

United States v. One Device, More or Less * * * The Ellis Microdynameter, supra.

■■ Applying these principles here, it cannot be concluded as a matter of law that no material issue exists with respect to the alleged false and misleading character of the label here before us. Although the labeling on the inside of each box of "candy," when read alone, might be misleading, the detailed description of the contents of the box listed on the outside of the carton could convince a jury, when the labeling or literature is read as a whole, that it is not "misleading in any particular," as that term is used in 21 U.S.C. § 343(a). Furthermore, claimant raises what appears to be a novel question in the interpretation of the statute by asserting that the article, although it clearly falls within the definition of "food" in the Act (21 U.S.C.A. § 321(f)), is not actually marketed as a food product, but as a novelty. The labeling under attack here, says claimant, is part and parcel of the novelty, and the consumers of the product will buy it, not because they believe that the candy is made of liquor, but for purposes of amusement. Thus, he argues, the statutory purpose to protect purchasers of food from labeling which does not state exactly the composition of the product will not be offended by the distribution of his product.

It appears that the Government, although it has not so indicated in its papers, may be concerned with some potential abuse in the distribution of this product that has not been drawn to the attention of this Court. If this is so, it would seem appropriate for this factual aspect of the case to be developed at trial rather than to grant a judgment on the pleadings in favor of the Government on the basis of a completely rigid reading of the words of the statute and a fragmentization of the labeling under attack here. The Government's motion for a judgment on the pleadings is therefore denied.

So ordered.