The **CHURCH OF SCIENTOLOGY OF CALIFORNIA, Plaintiff-Appellant,**

v.

**Elliot RICHARDSON** * **et al., Defendants-Appellees.**

**No. 24276.**

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1971.

---

* Elliot Richardson has been substituted for his predecessor in office, Robert H. Finch, pursuant to Fed.R.Civ.P. 25(d) (1).

Marvin Zinman (appeared), Los Angeles, Cal., for appellant.

Larry Dier (appeared), Asst U. S. Atty., William Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Chief, Civ. Div., Los Angeles, Cal., for appellees.

Before ELY, CARTER and TRASK, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

This appeal involves an alleged deprivation of rights protected by the United States Constitution and the Civil Rights Act of 1964 (42 U.S.C. §§ 1981, 1983).

Appellant is a California non-profit corporation, organized for the ostensible purpose of disseminating religious doctrine known as "Scientology." [1] The "Hubbard E-meter" is an instrument that is allegedly essential to the practice of Scientology. The E-meter is manufactured in the United Kingdom and is, in fact, a simple skin galvanometer that crudely measures changes in electrical resistance in the human body. The Food and Drug Administration refused to allow the inportation of E-meters because they were deemed to be "devices" (21 U.S.C. § 321(h)) that appeared to be "misbranded" in that they did not bear adequate instructions for use (21 U.S.C. § 352(f) (1)). The refusal was based, inter alia, on a successful condemnation action against certain E-meters in the District Court for the District of Columbia [United States v. An Article of Device . . . E-meter (D.C.Civ.No. DC1–1963 (1967))]. The E-meters here in question were seized and detained by Post Office and Customs officials on the ground that they were in violation of the Federal Food, Drug, and Cosmetic Act.

After the instruments were seized, appellant received a hearing before the Food and Drug Administration in Los Angeles on August 6, 1968. The hearing examiner concluded that the E-meters did not bear adequate instructions for use and, therefore, that they could not be imported into this country. Upon considering the record of the hearing and other available information, the Food and Drug Administration concluded that the E-meter devices appeared to be misbranded within the meaning of 21 U.S.C. § 352(f)(1), as alleged in the notice of seizure, and made the determination of misbranding.

Appellant then filed this suit: (a) to enjoin the F.D.A. from refusing admission of the E-meters into the United States; (b) to enjoin the F.D.A. from compelling the return of the devices to their country of origin; and (c) for $20,000.00 in damages to persons in the class affected. The district court granted the Government's motion for summary judgment. Thereafter, appellant filed a motion for relief from judgment on the basis that, in the interim, the D. C. District Court's earlier condemnation of certain E-meters had been reversed by the D.C. Circuit Court of Appeals in Founding Church of Scientology v. United States, 133 U.S.App.D.C. 229, 409 F. 2d 1146, cert. denied 396 U.S. 963, 90 S. Ct. 434, 24 L.Ed.2d 427 (1969). The motion was denied. We affirm.

### Discussion

The Government may refuse admission to any "device" offered for importation if it appears to be "misbranded" [21 U.S.C. § 381(a)]. The term "device" is defined as "instruments, apparatus, and contrivances * * * intended (1) for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man * * *. [21 U.S.C. § 321(h)]." A device is considered to be "misbranded" if, inter alia, its labeling

---

1. For a thorough presentation of the tenets and practices of "Scientology" see Founding Church of Scientology v. United States (1969) 133 U.S.App.D.C. 229, 409 F.2d 1146.

does not bear adequate directions for use [21 U.S.C. § 352(f)].

### 1. *Issues of Fact*

Appellant contends that the district court erred in granting summary judgment because there were material issues of fact remaining. Appellant urges that these issues of fact were: (a) whether the E-meter was used in the religious practices of Scientology; and (b) whether the E-meters were misbranded?

The issue of the E-meters' alleged religious use is irrelevant here. The district court held that the exercise of religious freedom does *not* include the freedom to violate the Federal Food, Drug, and Cosmetic Act. We agree.

The "misbranding" issue can be most accurately described as a question of scope of judicial review. The district court held that the E-meter was a "device" within § 321(h) because it is intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man.[2] All "devices" are subject to the Act's branding requirements [21 U.S.C. § 352].

Section 381(a) requires only that the device *appear* to be misbranded, and vests such determinations in the discretion of the Secretary of Health, Education, and Welfare. The Secretary's determination of misbranding is *not* subject to judicial alteration unless it was arbitrary and capricious. Sugarman v. Forbragd (9 Cir. 1968) 405 F.2d 1189.

First, there were no allegations in the complaint that the Secretary's determination of misbranding was arbitrary or capricious. The real issue tendered by the complaint was an asserted violation of civil rights, to wit religious freedom.

Second, the district court found the action was not arbitrary or capricious. In determining that the E-meters appeared to be misbranded, the Secretary could consider: (a) appellant's literature that contains diagnostic and therapeutic claims for the E-meter; (b) appellant's admission that the devices are ineffective for any medical therapeutic purpose; (c) the absence of instructions for use on the labeling of the devices; and (d) the prior adjudication by the D.C. District Court that the E-meters were in fact misbranded devices. In view of this evidence, the district court concluded that appellant had failed to establish any arbitrary or capricious action by the Secretary. We agree.

Appellant argues that *Sugarman's* limitation on judicial review is inapplicable here because the Secretary has ignored the Congressional mandate to exempt from the Act's branding requirements any device as to which labeling would not be necessary for the protection of the public health [21 U.S.C. § 352(f)]. Appellant contends that E-meters are non-injurious and, therefore, should have been exempted. We think that the Hubbard E-meter is akin to the device in issue in Drown v. United States (9 Cir. 1952) 198 F.2d 999. In *Drown*, this court held:

> "While the instruments may be harmless in themselves, their danger lies in the possibility that 'ignorant and gullible persons are likely to rely upon them instead of seeking professional advice for conditions they are represented to relieve or prevent'." [198 F. 2d at 1006].

In this sense, appellant's E-meters cannot be considered harmless and, therefore, the Act's branding provisions are applicable. *See also* United States v. Ellis Research Labs. (7 Cir. 1962) 300 F. 2d 550.

### 2. *First Amendment Violations*

Appellant contends that, in making the determination of "misbranding," the court must have considered and evaluated Scientology's religious literature

---

2. The Seventh Circuit upheld the same finding with regard to a similar skin galvanometer in United States v. Ellis Research Labs (7 Cir. 1962) 300 F.2d 550.

in violation of its First Amendment rights. The district court found that the appellant had conceded that the E-meter devices were ineffective for any medical or therapeutic purposes. Appellant asserts that the devices are used solely as a confessional aid in Scientology, and that the detention of the devices by the Government unlawfully interferes with appellant's religious freedom.

In *Founding Church, supra,* the D.C. Circuit held that the court could not constitutionally evaluate the truth or falsity of the medical claims made in Scientology's "religious" literature, citing United States v. Ballard (1944) 322 U.S. 78, 64 S.Ct. 882, 88 L.Ed. 1148. The statute in issue there was 21 U.S.C. § 334(a), which provides that a device is misbranded if its "labeling" bears false or misleading claims. The court reversed the decree of condemnation on the ground that "*some* of that literature was at least *prima facie* religious doctrine, and that the jury, as it was instructed, could have found against the E-meter by finding false statements in 'labeling' which was at the same time religious doctrine." 409 F.2d at 1164. The court specifically reserved, however, the issue of whether "a drug or device used in a religion is subject to condemnation as 'misbranded' if its labeling is found to lack * * * adequate directions for use [21 U.S.C. § 352(f)]." 409 F.2d at 1162.

In determining the E-meter's *intended* use, the court could validly consider the appellant's publications that discuss the device's applications. Nature Food Centres, Inc. v. United States (1 Cir. 1963) 310 F.2d 67; United States v. Article of Drug . . . Capsules (3 Cir. 1966) 362 F.2d 923; Alberty Food Prod's v. United States (9 Cir. 1952) 194 F.2d 463. Unlike the "mislabeling" section involved in *Founding Church,* the court here could determine the E-meter's intended use without evaluating the truth or falsity of any related "reli-gious" claims. To the contrary, appellant's claims in its literature regarding the applications of the device in the practice of religion were presumed to be true for the purpose of determining its intended use. We find no infringement of First Amendment rights.

### 3. *Potpourri*

■ Appellant contends that the district court misapplied the doctrine of res judicata by allegedly relying completely on the district court result in *Founding Church.* Appellant is mistaken. The district court's opinion does not contain any mention of the doctrine of res judicata. The court only referred to the district court decision in *Founding Church* as a fact, among others, that the Government could have reasonably relied upon in deciding to refuse admission to the E-meters pursuant to 21 U.S.C. § 381(a). During the pendency of the appeal in the District of Columbia, such reliance would seem to be quite proper. The subsequent reversal by the D.C. Circuit does not require reversal here, because the doctrine of res judicata was never applied.

■ Finally, appellant asserts that the E-meters are not misbranded because they bear disclamatory labels, to wit: "Not intended or effective for the diagnosis, treatment, or prevention of any disease." Such labels, however, were found to appear on less than half of the devices seized. Furthermore, labels of disclaimer are not controlling, but are to be considered together with any extrinsic evidence of the device's intended use (e. g. publications, advertisements, etc.) Alberty Food Prod's v. United States (9 Cir. 1952) 194 F.2d 463. There is ample evidence to support the court's finding of the E-meter's intended use.

We find appellant's allegations of error to be without merit. The judgment of the district court is affirmed.